Filed 12/20/13  P. v. Butler CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058238 |
| v. | (Super.Ct.No. RIF73041) |
| RAY ANTHONY BUTLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Ronald A. Jakob and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

On June 18, 1999, defendant and appellant Ray Anthony Butler pled guilty to petty theft with a prior conviction (Pen. Code, § 666),[1] and admitted four prior strike convictions.[2]  Pursuant to the "Three Strikes" law, the court sentenced defendant to an indeterminate term of imprisonment of 25 years to life. On January 9, 2013, defendant filed a petition for resentencing pursuant to section 1170.126.  On March 5, 2013, the trial court effectively denied his petition.  On appeal, defendant contends the court erred in determining, as a matter of law, that a prior strike conviction for rape in concert (§ 261) for which a true finding was rendered on an attached personal use of a firearm enhancement (§ 12022.5) made him ineligible for resentencing.  We affirm.

FACTS AND PROCEDURAL HISTORY

On July 26, 1978, a jury convicted defendant of first degree burglary (§ 459), two counts of robbery (§ 211), and rape in concert (former § 261(3)).  The jury additionally found true an allegation defendant personally used a firearm in his commission of the offenses.  The court sentenced defendant to 11 years' imprisonment.

On January 26, 1997, defendant stole a camcorder battery worth $69.99 from a Sears store.  After the court released defendant on bail, he failed to appear for arraignment.  Defendant was arrested more than a year later in May 1998, in Oklahoma.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  We take judicial notice of our opinion in E025772, defendant's appeal from his original conviction and judgment.

2

DISCUSSION

Defendant contends the court erred in determining, as a matter of law, a conviction for rape in concert with an attached enhancement for personal use of a firearm is an offense for which a defendant is statutorily ineligible for resentencing. We disagree. Nevertheless, we agree with the court's alternative, factual determination that defendant's commission of the rape was conducted with force or fear making him ineligible for resentencing. In any event, we hold any error harmless.

Section 1170.126 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1286.) "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would *not* pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Id*. at 1299.) "[O]nce a court determines that a petitioning prisoner is eligible for resentencing under the Act, the petitioner 'shall be resentenced' to a second strike sentence 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'" (*Id*. at 1301.)

3

"If the court finds that resentencing a prisoner would pose an unreasonable risk of danger, the court does not resentence the prisoner, and the petitioner simply finishes out the term to which he or she was originally sentenced." (*People v. Superior Court (Kaulick), supra*, 215 Cal.App.4th 1279 at p. 1303.) "[A] court's discretionary decision to decline to modify the sentence in his favor can be based on any [] appropriate factor (i.e., dangerousness), and such factor need not be established by proof beyond a reasonable doubt to a jury." (*Ibid.*) The trial court, in exercising such discretion, may rely on factors establishing defendant's dangerousness, or lack thereof, based on a preponderance of the evidence. (*Id.* at 1305.) A trial court's decision to refuse to resentence a prisoner, based on a finding of dangerousness, need only be supported by some evidence. (*Id.* at 1306, fn. 29.)

Under section 1170.126, subdivision (e), an inmate is eligible for resentencing if he is (1) serving an indeterminate term of life imprisonment imposed pursuant to section 667, subdivision (e)(2); (2) his current sentence was not imposed for offenses appearing in section 667, subdivisions (e)(2)(C)(i)-(iii); and (3) has not had prior convictions for any of the offenses appearing in section 667, subdivision (e)(2)(C)(iv). Here, only the third element is at issue. Section 667, subdivision (e)(2)(C)(iv) makes ineligible for resentencing any defendant who has "suffered a prior serious and/or violent felony conviction . . . for . . . [¶] (I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." Welfare and Institutions Code section 6600, subdivision (b) defines rape (§ 261) as a "'[s]exually violent

offense' . . . when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person . . . ."**[3]**

Here, we agree with the trial court's determination that "I cannot think of any circumstance where the Court would have a use of a firearm and a rape conviction and it not being by force or fear . . . ."  Indeed, if a defendant uses a firearm to facilitate the crime, a section 12022.5 enhancement applies; if, on the other hand, the defendant's weapon-related conduct is incidental or unrelated to the offense, only the lesser section 12022, subdivision (a) enhancement is applicable.  (*People v. Granado* (1996) 49 Cal.App.4th 317, 325, fn. 7 (*Granado*).)  Here, by finding a section 12022.5 enhancement true, the jury must necessarily have found defendant took "some *action* with the gun *in furtherance of the commission* of the" rape.  (*Granado, supra*, 49 Cal.App.4th 317, 325, fn. 7.)  Thus, defendant used the gun to effectuate the rape through force or fear.  This is especially true when he did so in concert with another individual.

As he did below, defendant speculates scenarios whereby the victim may have been intoxicated or unconscious during the rape, rendering defendant's "use" of the gun extraneous and negating any force or fear requisite in making him ineligible for resentencing.  Defendant quotes *Granado*'s statement that "a gun use enhancement would

---

**[3]**  A prior conviction for rape alone would not render defendant ineligible for resentencing.

5

be wholly warranted if the defendant deployed a gun to further the holdup of a blind person - - even if the victim never learned of the gun's presence" (*Granado*, *supra*, 49 Cal.App.4th 317 at p. 329, fn. 10) to support his contention that a true finding on a gun use enhancement does not necessarily support a finding of force or fear. Of course, there was no evidence here adduced of intoxication, unconsciousness, or blindness.[4] Moreover, the presence of a gun to effectuate a rape, whether seen or not, is intended by the offender to effectuate the crime, and is not merely incidental or unrelated to the crime. Thus, we agree with the trial court that a conviction for rape in concert with an attached personal use of a firearm enhancement is a sexually violent offense for which resentencing pursuant to section 1170.126 is inapplicable.

Nonetheless, even if the court erred in determining defendant was statutorily ineligible for resentencing as a matter of law, we hold the court acted within its discretion in finding defendant ineligible based upon a factual determination of the nature of his prior offense. Admittedly, the record does not disclose the circumstances of the prior offense; however, repeated references to other documents regarding that crime were made in the proceedings below. Early on, the prosecutor noted, "I also forwarded all of the documents about [] [defendant's] rape prior to [defense] [counsel]." Implicit in this statement is that more than simply the abstract of judgment of defendant's prior offense was included.

---

[4] Defendant offered no evidence regarding the facts of his prior strike convictions other than the abstract of judgment.

The court also observed "you would be able to get facts from him with respect to the prior offense that somehow were not documented by a probation report or documented in the sentencing memorandum or otherwise documented in the prior conviction documentation . . . ." This, likewise, suggests the court and parties had considered other documentation, including the probation officer's report and sentencing memorandum regarding defendant's prior offense. It was likely these documents that allowed the court to state an alternative factual basis for its determination of defendant's ineligibility for resentencing: "But that if I were to go behind that and look factually at this particular case, that this was an extremely violent one, and that it would not be able to be demonstrated to this Court or any other Court that this was not a factually-based force-and-fear rape that occurred that was the basis of the prior strike." There could be no other explanation for the court's statement than that it considered other documentation not included in this record because the abstract of judgment alone would not support such a factual determination.

Indeed, our opinion in defendant's appeal of his original conviction and judgment describes his rape offense as follows: "The 1978 convictions were based on an incident in 1977, in which defendant and an accomplice entered a home and robbed a married couple at gun point. While the victims were being held in the bedroom, defendant began fondling the female victim, and he eventually ordered her to the living room and raped her. During the incident, defendant or his accomplice struck the husband in the head with a hard object; defendant shouted, "'If your baby wakes up and cries, I'll kill it'"; and

7

defendant told the husband, "'I think I'll just blow your head off before I leave.'"" Thus, even if neither the record nor any additional documentation considered by the court below established defendant's prior offense of rape was committed with force or fear, any error was harmless because, as recounted above, it was committed with both.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.

We concur:


HOLLENHORST
                    J.


KING
                    J.

8